# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORETTA POYNEER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEW YORK STATE UNITED TEACHERS; SYRACUSE TEACHERS ASSOCIATION, INC.; SYRACUSE CITY SCHOOL DISTRICT,<br><br>　　　　Defendants. | Case No. 5:22-cv-261 (GTS/ML)<br><br>Hon. _____<br><br>**COMPLAINT** |

　　　　AND NOW comes Plaintiff Loretta Poyneer, by and through her undersigned attorneys, and states the following claims for relief against Defendants New York State United Teachers ("NYSUT") and Syracuse Teachers Association, Inc. ("STA") (referred to collectively as "Defendant Unions"); and the Syracuse City School District ("District"), and alleges as follows:

## SUMMARY OF THE CASE

　　　　1.　　This is a civil rights action pursuant to 42 U.S.C. § 1983 for declaratory, injunctive, and monetary relief to redress the past and ongoing deprivation of Plaintiff's rights, privileges, and/or immunities under the First and Fourteenth Amendments of the United States Constitution. This deprivation is caused by Defendants' contracts, policies, and practices, under color of state law, including the state's Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law, Article 14 (the "Taylor Law"), under which Defendants have had and continue to have union dues or fees seized from Plaintiff's wages even though she is a nonmember public employee who objects to financially supporting Defendant Unions.

　　　　2.　　The United States Supreme Court held that the First Amendment of the United States Constitution prohibits the government and unions from compelling nonmember public

employees to pay dues or fees to a union as a condition of employment. *See Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018). Defendants have violated and are violating Plaintiff's constitutional rights by deducting and accepting payments of union dues or fees from her wages without her consent.

3. Despite Plaintiff's resignation from union membership and her nonmember status, Defendants continue to seize and to accept union dues or fees from Plaintiff's wages as a condition of her employment after Plaintiff became a nonmember.

4. Defendants' concerted conduct under color of state law violates Plaintiff's First and Fourteenth Amendment rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience.

5. Additionally, Defendants acting in concert and under color of state law, by and through their agents and officials, deducted and continue to deduct and accepted and continue to accept union dues or fees from Plaintiff's wages without providing her any meaningful notice or opportunity to object to the ongoing deductions, to the process by which the money was and is deducted, or to the ways her money was used and is being used. These omissions violate Plaintiff's Fourteenth Amendment right to due process.

6. Because Defendants deducted and continue to deduct union dues or fees from Plaintiff's wages in violation of her constitutional rights, Plaintiff seeks declaratory and injunctive relief against all Defendants, as well as compensatory and nominal damages, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

7. This action arises under the Constitution and laws of the United States of America, including the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under

color of state law, of Plaintiff's rights, privileges, and immunities under the United States Constitution, particularly the First and Fourteenth Amendments thereto, as well as 42 U.S.C. § 1988.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331—because her claims arise under the United States Constitution—and 28 U.S.C. § 1343—because she seeks relief under 42 U.S.C. § 1983.

9. This action is an actual controversy in which Plaintiff seeks a declaration of her rights under the United States Constitution. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare Plaintiff's rights and grant further necessary and proper relief, including injunctive relief, under Federal Rule of Civil Procedure 65.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) because one or more defendants are domiciled in, and operate or do significant business in, this judicial district, and a substantial part of the events giving rise to the claims in this action occurred in this judicial district.

## PARTIES

11. Plaintiff Loretta Poyneer is, and was at all times relevant hereto, a "public employee" within the meaning of the Taylor Law. *See* N.Y. Civ. Serv. Law § 201.7. Plaintiff is employed by the District as a "School Nurse" in a bargaining unit—Unit 10, Health and Social Service Employees—that is represented exclusively for purposes of collective bargaining by STA. Plaintiff was a member of Defendant Unions but is not any longer and has not been a member since the date of her resignation.

12. Defendant NYSUT is an "employee organization" within the meaning of the Taylor Law. *See* N.Y. Civ. Serv. Law § 201.5. NYSUT maintains a place of business at 800 Troy-Schenectady Road, Latham, New York 12110 and conducts its business and operations throughout the State of New York, including in the Northern District of New York.

13. Defendant STA is an "employee organization" within the meaning of the Taylor Law, *see* N.Y. Civ. Serv. Law § 201.5, and is a local affiliate of NYSUT. Pursuant to the collective bargaining agreement ("CBA") between STA and the District, STA represents Plaintiff exclusively for purposes of collective bargaining. STA maintains a place of business at 450 West Kirkpatrick Street, Second Floor, Syracuse, New York 13204 and conducts its business and operations within the State of New York, including the Northern District of New York.

14. Defendant District is a "public employer" within the meaning of the Taylor Law. *See* N.Y. Civ. Serv. Law § 201.6. The District issues wages to its employees, including Plaintiff, and processes payroll deductions of union dues for Defendant Unions from Plaintiff's wages pursuant to the requirements of the Taylor Law and the CBA. The District maintains a place of business at 725 Harrison Street, Syracuse, New York 13210. The District entered into a CBA with Defendant STA that governs the terms and conditions of Plaintiff's employment and recognizes STA as Plaintiff's exclusive representative pursuant to the CBA and the Taylor Law.

## FACTUAL ALLEGATIONS

15. Acting in concert under color of state law, STA (representing Unit 10, Health and Social Service Employees) and the District have entered into the CBA that controls the terms and conditions of Plaintiff's employment. Relevant portions of the CBA are attached hereto as "Exhibit A" and incorporated by reference herein.

16. Article II of the CBA provides that the Board of Education of the District recognizes STA "as the exclusive representative of all employees in the Unit [10] . . . and hereby extends to [STA] the [] right[] to exclusively represent Unit 10 employees in negotiations regarding wages, hours, and terms and conditions of employment[.]" This bargaining unit encompasses Plaintiff's School Nurse position. *E.g.*, Ex. A, art. II, sec. A.1, art. III., sec. D.1, app. A.

4

17. The CBA provides that STA has the right "to employee's dues deduction, upon presentation of dues deduction authorization cards signed by individual employees." Ex. A, art. II, sec. A.1(c).

18. State law requires Plaintiff's employer, the District, to extend to Defendant Unions the right to dues deductions from the wages of its employees.

19. Specifically, the Taylor Law provides that "[a] public employer shall extend to an employee organization certified or recognized pursuant to this article the following rights: . . . (b) to membership dues deduction, upon presentation of dues deduction authorization cards signed by individual employees . . . ." N.Y. Civ. Serv. Law § 208.1.

20. The Taylor Law also provides that "[t]he right to such membership dues deduction shall remain in full force and effect until: (i) an individual employee revokes membership in the employee organization in writing in accordance with the terms of the signed authorization." N.Y. Civ. Serv. Law § 208.1.

21. Plaintiff became a member of Defendant Unions after beginning her public employment for the District in or about 2015.

22. Upon information and belief, Plaintiff did not sign a membership agreement or dues deduction authorization when she began her employment for the District in or about 2015. Despite that fact, the District automatically took deductions from Plaintiff's wages for the benefit of Defendant Unions. Upon inquiry, Plaintiff's then-supervisor, Cheryl Vitaletti, told Plaintiff "this is just what happens" and that choosing not to join Defendant Unions or not paying Defendant Unions was "not an option."

23. In June 2018, former STA President William Scott ("Scott"), who is now deceased, informed Plaintiff that she was required to sign a membership agreement and dues deduction authorization or else she would be "dropped from the union" and not receive union benefits.

24. Upon information and belief, at that time Plaintiff did not sign and did not have any card describing or otherwise purporting to limit when she could revoke the deduction of union dues and/or fees from her wages as a nonmember.

25. During the same conversation in June 2018, Scott informed Plaintiff that the apparent need for her to sign a membership agreement and dues deduction authorization was new; he said that in the past a membership agreement and dues deduction authorization was not necessary, but the District was now requiring Defendant Unions to have District employees sign the same.

26. Relying on Scott's advice and fearful of his warning that her failure to sign would cause her to be dropped by Defendant Unions and to lose her benefits, Plaintiff signed a membership agreement and dues deduction authorization on June 18, 2018—less than two weeks prior to the *Janus* decision.

27. On September 10, 2021, Plaintiff spoke with STA 1st Vice President William Magnarelli ("Magnarelli") and informed him that she wanted to resign effective immediately from Defendant Unions and to have dues stop being deducted from her wages by the District for the benefit of Defendant Unions.

28. After unsuccessfully trying to change Plaintiff's mind, Magnarelli informed Plaintiff that she missed the "window" in which she could revoke her union dues deduction authorization. Magnarelli told Plaintiff that to successfully stop dues deductions she would have to submit two withdrawal forms but that he "would not accept [them] from [her] as [she] missed the window by 10 days."

29. Magnarelli also instructed Plaintiff during that conversation to "hold onto and try to remember to resubmit them in August 2022."

6

30. Magnarelli then emailed Plaintiff two STA forms: (1) Voluntary Union Membership Withdrawal; and (2) Revocation of Dues Authorization.

31. Magnarelli also attached to his email Plaintiff's union membership agreement and dues deduction authorization dated June 18, 2018. This is attached hereto as "Exhibit B" and incorporated by reference herein. This is the first time Plaintiff had seen this since signing it at Scott's urging in the lead-up to the *Janus* decision.

32. Plaintiff resigned her membership in Defendant Unions and revoked the District's authorization to deduct dues from her wages for the benefit of Defendant Unions effective September 10, 2021. Plaintiff did so orally to Magnarelli on September 10, 2021, and then emailed him a completed Voluntary Union Membership Withdrawal, Revocation of Dues Authorization, and supporting letter (each dated September 10, 2021) on September 13, 2021.

33. In response via email the same day, Magnarelli informed Plaintiff that "the window to withdraw from STA is Aug 1 – Aug 31. Your dues will continue to be collected for the remainder of the 2020-2021 school year as you have missed the withdrawal window."

34. Upon information and belief, STA has allowed other bargaining unit employees to revoke dues deduction authorization outside of Defendant Unions' alleged August window period.

35. Via email on September 14, 2021, Magnarelli told Plaintiff that she had been "'re-carded' in anticipation of the *Janus* decision. That re-card was a choice and at no time was [*sic*] your First Amendment rights violated." Magnarelli did this in response to an email from Plaintiff on the same day in which she expressed confusion about how STA could refuse her dues deduction revocation given the fact that she was told she was required to sign such so that she would not be "dropped" by Defendant Unions. Plaintiff further told Magnarelli that this interaction happened "during [her] very busy work day" and that she had "no idea and was never told that [she] would be giving up [her] [F]irst [A]mendment [rights] by signing it."

7

36. Plaintiff is not receiving union member benefits as a nonmember from Defendant Unions even though union dues and/or fees have been and continue to be deducted from her wages for Defendant Unions.

37. Defendants claim that Plaintiff's revoked dues deduction authorization (Ex. B) entitles the District to continue deducting from Plaintiff's pay financial support for Defendant Unions despite Plaintiff's resignation, revocation of dues deduction authorization, and nonmember status.

38. The dues deduction authorization contains no notice of or request for waiver of any constitutional rights.

39. Defendants never provided Plaintiff with written notice of her constitutional right as a nonmember to choose not to pay any union dues or fees to Defendant Unions.

40. Defendants never provided Plaintiff with written notice of her constitutional right to due process, including notice and an opportunity to object to how any nonconsensual union dues or fees deducted from her wages are spent.

41. Neither Defendants nor any agent or official thereof asked Plaintiff while a nonmember to agree to pay union dues or fees to Defendant Unions or to otherwise waive any constitutional rights following her union membership resignation.

42. Plaintiff never waived her right not to pay union dues or fees to Defendant Unions when she was not a member of Defendant Unions.

43. Defendants, acting in concert pursuant to the CBA, the Taylor Law, and/or their joint policies and practices, have refused and continue to refuse to end union dues deductions from Plaintiff's wages even after her resignation from Defendant Unions.

44. Defendants, pursuant to the CBA, the Taylor Law, and/or their joint policies and practices, acted and are acting in concert under color of state law to collect, distribute, accept,

and/or retain union dues or fees deducted from Plaintiff's wages even though she is not a member of Defendant Unions as of the date of her resignation.

45. Since on or about September 10, 2021, the District, acting in concert with Defendant Unions, has deducted and continues to deduct purported union dues or fees from Plaintiff's wages against her will and without her consent.

46. Since on or about September 10, 2021, Defendant Unions have taken and continue to take, receive, and/or accept purported union dues or fees from Plaintiff's wages against her will and without her consent.

47. Defendants, acting in concert under color of state law, have not provided Plaintiff meaningful notice or opportunity to object to union dues or fees deductions, the process by which the money was and is deducted, or the ways in which her money was and is spent.

48. Upon information and belief, Defendant Unions use the financial support they have forcibly seized and continue to forcibly seize from Plaintiff while she was and is a nonmember for purposes of political speech and activity, among other purposes, to which Plaintiff objects.

49. Defendant Unions retain monies deducted from Plaintiff's wages by the District after Plaintiff resigned her union membership.

50. Plaintiff objects to the compelled association with and financial subsidization of any activities of Defendant Unions and/or their affiliates for any purpose.

## CLAIMS FOR RELIEF

### COUNT ONE
(Violation of 42 U.S.C. § 1983 and
the United States Constitution)

51. Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

52. The First Amendment to the United States Constitution protects associational, free speech, and free choice rights, and the Fourteenth Amendment incorporates the protections of the First Amendment against the States.

53. The First Amendment requires that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Janus*, 138 S. Ct. at 2486.

54. Section 208 of the Taylor Law and the CBA, on their face and/or as applied by Defendants, authorize and/or require Defendants, by and through their agents, to force public employees to remain union members and/or full dues payers despite their nonmember status and expressed intention to end financial support of a union, in violation of employees' rights under the First Amendment.

55. Sections 201 and 208 of the Taylor Law, facially and/or as applied by Defendants, permit Defendants to require public employees to maintain unwilling allegiance to and financial support of employee organizations, such as Defendant Unions, and are, therefore, unconstitutional.

56. Defendants' actions, taken pursuant to the Taylor Law, the CBA, and their joint policies and practices, under color of state law, impinge on Plaintiff's exercise of her rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience that are guaranteed by the First and Fourteenth Amendments of the United States Constitution.

57. The Taylor Law, on its face and/or as applied by Defendants, authorizes Defendants to violate Plaintiff's constitutional rights by deducting union dues or fees from her wages without her consent in violation of the United States Constitution—as explained in *Janus*.

58. Because Plaintiff is a nonmember employed in a bargaining unit represented exclusively for collective bargaining by STA, the First Amendment protects her from being forced to financially support or otherwise be associated with Defendant Unions and from having the District deduct nonconsensual financial support for Defendant Unions from Plaintiff's wages.

59. Because Plaintiff is not a member of Defendant Unions, the First Amendment protects her from having nonconsensual financial support deducted from her wages for Defendant Unions.

60. A valid waiver of constitutional rights requires clear and compelling evidence that the putative waiver was voluntary, knowing, and intelligent, and that enforcement of the waiver is not against public policy. Defendants bear the burden of proving that these criteria are satisfied.

61. Plaintiff has not waived her constitutional right as a nonmember to not provide financial support via payroll deduction or other method to Defendant Unions.

62. Plaintiff has not waived her constitutional right to not financially support Defendant Unions after she became a nonmember following her resignation of membership in Defendant Unions.

63. Defendant Unions acted and are acting in concert and under color of state law with the District, by and through their agents, to seize, process, accept, and/or retain union dues or fees deducted from Plaintiff's wages after she became a nonmember.

64. These forced payroll deductions and the continued retention of monies deducted from Plaintiff's wages after she resigned from Defendant Unions violate Plaintiff's rights protected by the First and Fourteenth Amendments of the United States Constitution as well as 42 U.S.C.

§ 1983 because they force her to financially support Defendant Unions' political activities and speech without her consent.

65. By deducting and collecting financial support from Plaintiff via payroll deduction despite Plaintiff's revocation of consent to dues deductions, Defendants are depriving Plaintiff of her First Amendment rights to free speech and association that are secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

66. As a direct result of Defendants' concerted actions, taken pursuant to state law, the CBA, and their joint policies and practices, Plaintiff:

    a. was and is being prevented from exercising her rights and privileges not to fund and support the agenda, activities, expenses, and speech of a private organization;

    b. was and is being deprived of her civil rights guaranteed under the Constitution and statutes of the United States; and

    c. has and is suffering monetary damages and other harm.

**COUNT TWO**
(Violation of 42 U.S.C. § 1983 and
the United States Constitution)

67. Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

68. The Fourteenth Amendment of the United States Constitution guarantees due process to persons facing deprivation of liberty or property by state actors. *See Mathews v. Eldridge*, 424 U.S. 319, 348–49 (1976).

69. Additionally, public-sector unions and public employers have a responsibility to provide procedures that minimize constitutional impingement inherent in compelled association and speech and that facilitate the protection of public employees' rights. *See Chi. Tchrs. Union, Loc. No. 1 v. Hudson*, 475 U.S. 292, 307 & n.20 (1986).

70. Defendants have not implemented policies and procedures that are narrowly tailored to reduce the impingement on Plaintiff's constitutional rights, including the constitutionally required procedures and disclosures regarding the use of union dues or fees taken from her as recognized in *Hudson*.

71. Defendants have not provided Plaintiff with notice of or a meaningful opportunity to object to the past and continued seizure of a portion of her wages via payroll deductions by the District or the use of her monies by Defendant Unions.

72. Plaintiff has never waived her due process rights, including her right to not subsidize the speech and activities of Defendant Unions.

73. As a result of Defendants' failure to provide procedural safeguards to protect Plaintiff's due process rights, Plaintiff was and is forced to pay fees to Defendant Unions, even though she is not a member of Defendant Unions.

74. As a direct result of Defendants' concerted actions, taken pursuant to state law, their CBA, and their joint policies and practices, Plaintiff:

   a. is being prevented from exercising her rights and privileges to disassociate from and no longer support the agenda, activities, speech, and expenses of a private organization that she objects to supporting;

   b. is being deprived of her civil rights guaranteed under the Constitution and statutes of the United States and has suffered monetary damages and other harm; and

   c. is in imminent danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights for which there is no adequate remedy at law.

75. If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Plaintiff's constitutional rights, thereby causing her irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court order the following relief:

A. **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

    i. that Defendants' actions in forcing Plaintiff, as a nonmember, to provide past and ongoing financial support to Defendant Unions, and Sections 201 and 208 of the Taylor Law, to the extent they relate to, authorize, and/or require Defendants to do so, on their face and/or as applied, violated and violates the First and Fourteenth Amendments of the United States Constitution;

    ii. that any taking and/or retention of union dues or fees from Plaintiff after her resignation of membership in Defendant Unions and without proper constitutional notice and waiver violates her rights under the First and Fourteenth Amendments of the United States Constitution; and that any provisions in the Taylor Law, the CBA, or any other purported authorizations that allow or require such deductions of union dues or fees are unconstitutional;

    iii. or, alternatively, that the First and Fourteenth Amendments require Defendant Unions to provide Plaintiff with constitutionally adequate notice and a meaningful opportunity to object to the nonconsensual monies being seized from her wages and the purposes for which the monies are used, including the notice and procedures required by *Hudson*.

    B. **Injunctive:** A permanent injunction requiring Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them:

        i. to not enforce against Plaintiff any provisions in the Taylor Law, the CBA, or any other purported authorizations for deducting dues or fees that require her to provide financial support of Defendant Unions and/or their affiliates after resignation of her union membership without proper constitutional notice and waiver, or to otherwise engage in conduct or enforce any provisions of the Taylor Law or the CBA declared unconstitutional under Part A;

        ii. not to collect or retain any money from Plaintiff in the form of union dues or fees through deductions from her wages or any other manner, or otherwise to seek to enforce the terms of any purported authorizations for deducting dues;

        iii. or, alternatively, to provide constitutionally adequate notice and procedures regarding the District's payroll deductions of forced financial support for Defendant Unions from Plaintiff's wages.

    C. **Monetary:** A judgment against Defendants awarding Plaintiff nominal and compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of her constitutional and civil rights including, but not limited to, the amount of dues deducted from her wages after her resignation of union membership, plus interest thereon, and such amounts as principles of justice and compensation warrant.

    D. **Attorneys' Fees and Costs:** A judgment awarding Plaintiff costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

    E. **Other:** Such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 15, 2022 | **s/ Craig W. Trainor** |

Craig W. Trainor Bar Number: 513753
Email: cwtrainor@fairnesscenter.org
THE FAIRNES CENTER
41 State Street, Suite 604-07
Albany, New York 12207
Telephone: 844.293.1001
Facsimile: 717.307.3424

David R. Dorey*
Email: drdorey@fairnesscenter.org
Nathan J. McGrath**
Email: njmcgrath@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff*

*permanent admission pending
**motion for admission *pro hac vice* to be filed