UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORETTA POYNEER,

                        Plaintiff,

v.                                                    5:22-CV-0261
                                                       (GTS/ML)
NEW YORK STATE UNITED TEACHERS;
SYRACUSE TEACHERS ASSOCIATION, INC.;
and SYRACUSE CITY SCHOOL DISTRICT,

                        Defendants.
_____

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this civil rights action by Loretta Poyneer ("Plaintiff") against New York State United Teachers, Syracuse Teachers Association, Inc., and Syracuse City School District ("Defendants"), is Plaintiff's motion to strike parts of each of the Answers submitted by Defendants pursuant to Fed. R. Civ. P. 8(b), 8(c), and 12(f). (Dkt. No. 23.) For the reasons set forth below, Plaintiff's motion is conditionally granted in part and denied in part.

        For the sake of brevity, the Court will assume the reader's familiarity with the Complaint and Answers filed in this action, as well as the arguments of the parties in connection with Plaintiff's motion. (*See generally* Dkt. Nos. 1, 12, 17, 23, 26, 28, 30.)

        To the extent that Plaintiff moves to strike Defendants' assertions of "non-response" to Plaintiff's allegation of legal conclusions, the motion is denied. "[A] defendant's failure to deny conclusions of law does not constitute an admission of those conclusions." 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1279 (4th ed.). This is because the truth or falsity of an

alleged legal conclusion depends not on a defendant's response to it but on the law itself. *Cf. Equal Employment Opportunity Commission v. Green Lantern Inn, Inc.,* 19-CV-6704, 2021 WL 4086148, at *6-7 (W.D.N.Y. Aug. 19, 2021) (striking legal arguments and conclusions contained within a pleading), report and recommendation adopted, 2021 WL 4081109 (W.D.N.Y. Sept. 8, 2021); *Empire State Carpenters Welfare, Pension Annuity, Apprenticeship, Charitable Trust, Labor Management Cooperation and Scholarship Funds v. Darken*, 11-CV-0046, 2012 WL 194075, at *2 (E.D.N.Y. 2012) ("[A] default does not establish conclusory allegations . . . .") (citing case), report and recommendation adopted, 2012 WL 832452 (E.D.N.Y. 2012).[1]

To the extent that Plaintiff moves to strike Defendants' assertions of two affirmative defenses that are not in fact affirmative defenses, the motion is denied. Generally, a "pleader will not be penalized" for pleading a defense that is not an affirmative defense. 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1271 (4th ed.). "It is well settled, however, that a failure-to-state-a-claim defense can properly be asserted as an affirmative defense in an answer." *Coach, Inc. v. Kmart Corps.*, 756 F.Supp.2d 421, 432 (S.D.N.Y. 2010) (citing cases). Moreover, as it is articulated in the Syracuse City School District's Answer, the "reserv[ation] [of one's] right to amend [one's] Answer and/or [affirmative] defenses" is not an affirmative defense. (Dkt. No. 22, at 12 [expressing the reservation of rights in an introductory paragraph, not a separately designated affirmative defense].) Even if it were articulated as an affirmative defense, it would not need to be stricken. *Cf. American Home Energy, Inc. v. AEC Yield Capital, LLC*, 21-CV-1337, 2022 WL 595186, at *18 (E.D.N.Y. Feb. 28, 2022). Indeed, it is a

---

[1] Furthermore, to the extent that a response to an allegation was indeed required, and Defendants have wholly failed to respond to it (even in the alternative), then Defendants have effectively admitted that allegation by not expressly denying it (thus eliminating the necessity for motion to strike). *See* Fed. R. Civ. P. 6(d) ("Effect of Failing to Deny. An allegation . . . is

statement of little if any legal effect, given that the right to amend one's answer is governed by Fed. R. Civ. P. 15.

Finally, to the extent that Plaintiff moves to strike the remainder of Defendants' affirmative defenses for failure to allege facts plausibly suggesting those affirmative defenses, the motion is conditionally granted in part and denied in part. Although nominally challenging all of the numerous remaining affirmative defenses asserted by Defendants, Plaintiff specifically challenges only five of them. (Dkt. No. 23, Attach. 1, at 7-8 [challenging defenses regarding the statute of limitations, "offset," "benefits," qualified immunity, and "all immunities"].) Except for the defense regarding statute of limitations, all of the defenses survive the three-factor test set forth in *GEOMC Co. v. Calmare Therapies, Inc.*, 918 F.3d 92, 97-99 (2d Cir. 2019). Each of these defenses appear plausibly suggested by the factual allegations of the Complaint and Answers; none of them has been shown to be a legally insufficient basis for precluding Plaintiff from prevailing on her claims; and each of them appears to have been timely filed (and not prejudicial to Plaintiff). The sole exception is the defense regarding the statute of limitations: even at this early stage of litigation, there appear to exist sufficient facts readily available for Defendants New York State United Teachers and Syracuse Teachers Association to put Plaintiff on proper notice of the grounds for this affirmative defense. *See GEOMC Co.*, 918 F.3d at 98 ("For example, the facts needed to plead a statute-of limitations defense will usually be readily available[.]").

As a result, Defendants New York State United Teachers and Syracuse Teachers Association are given thirty days from the date of this Decision and Order by which to amend their Answers to correct the pleading defect identified in their First Affirmative Defense

---

admitted if a responsive pleading is required and the allegation is not denied.").

3

regarding the statute of limitations or that defense will be deemed stricken without further Order of the Court. Of course, if those two Defendants so amend their Answers, the Amended Answers will supersede the original Answers in all respects, eliminating the need for a self-executing Order striking this affirmative defense.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to strike (Dkt. No. 23) is **conditionally GRANTED** with regard to the First Affirmative Defense of Defendants New York State United Teachers (Dkt. No. 12, at ¶ 77) and Syracuse Teachers Association (Dkt. No. 12, at ¶ 77) in accordance with the last paragraph of this Decision and Order, and **otherwise DENIED**.

Dated: January 18, 2023
	Syracuse, New York

Glenn T. Suddaby
U.S. District Judge